UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WESLEY T. NASH,

    *Petitioner*,

v.

UNITED STATES OF AMERICA,

    *Respondent*.
_____/

CRIMINAL CASE NO. 10-CR-20679
CIVIL CASE NO. 12-CV-12677

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITIONER'S MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE**
(Doc. 34)

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the motion be **DENIED**.

**II.    REPORT**

    **A.    Introduction**

Pending, pursuant to an order of reference from United States District Judge Thomas L. Ludington, is the above-entitled motion, which was filed pursuant to 28 U.S.C. § 2255, to vacate the federal custodial sentence of Wesley T. Nash ("Nash"). (Doc. 34.) The Court has not ordered the government to respond because it finds, for the reasons explained below, that Nash's motion does not set forth grounds necessitating responsive arguments. Therefore, pursuant to E.D. Mich. LR 7.1(f)(2), the motion is ready for Report and Recommendation without oral argument.

    **B.    Background**

Nash was charged in a one-count indictment with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Doc. 1 at 1.) In addition, it was noted that the firearms seized would be subject to forfeiture under 18 U.S.C. § 924(g) and 21 U.S.C. § 853. (Doc. 1 at 2.)

On March 21, 2011, Nash pleaded guilty to the sole count of the indictment before the undersigned magistrate judge pursuant to a Rule 11 plea agreement filed on March 21, 2011. (Doc. 13.) A Report and Recommendation recommending that Nash's guilty plea be accepted was adopted on April 19, 2011. (Docs. 15, 18.)

In the plea agreement, the government and Nash surmised that the applicable guideline range was 51 to 71 months, as calculated in worksheets attached to the agreement. (Doc. 13 at 4.) The plea agreement expressly noted that if "defendant's criminal history category is higher than reflected on the attached worksheets," "the higher guideline range becomes the agreed range." (*Id.*) The agreement contrasted that if it were later discovered that defendant were a career offender, an armed career criminal, or a repeat and dangerous sex offender, the agreement would "*not* authorize a corresponding increase in the guideline range." (Doc. 13 at 4.)

At the sentencing hearing on July 14, 2011, it was noted that Nash's criminal history had changed such that the applicable guideline range was 77 to 96 months. (Doc. 26 at 4-6.) When asked whether Nash had reviewed the presentence report, Nash responded affirmatively, and when asked whether Nash had all his questions about it answered, Nash stated, "[e]verything got answered." (Doc. 26 at 7.) After considering the 18 U.S.C. § 3553 factors, the Court sentenced Nash to a prison term of 90 months. (Doc. 26 at 11-12.) On August 3, 2011, judgment was entered and Nash was committed to the Bureau of Prisons for 90 months. (Doc. 25 at 2.)

Nash appealed and, on December 12, 2011, the Sixth Circuit granted the government's motion to dismiss the appeal because Nash had knowingly and voluntarily entered in to the plea agreement and understood the appeal waiver; thus, the Sixth Circuit enforced the waiver. (Doc. 28 at 2-3.) Nash argued on appeal that the trial court had improperly exceeded the guideline range of 57 to 71 months as indicated in the plea agreement. The Sixth Circuit noted that the "agreement specifically provides that if Nash's criminal history category were found to be higher than as computed on the attached worksheets, the higher guideline range would become the agreed range. That is what occurred." (Doc. 28 at 1.)

Nash filed the instant motion to vacate his sentence on June 18, 2012. (Doc. 34.) In the motion, Nash contends that he was sentenced to 90 months imprisonment "when his plea agreement 11(c)(1)(c) was 57-71 months." (Doc. 34 at 4.) Nash cites the portion of the agreement that states that if it were later discovered that defendant were a career offender, an armed career criminal, or a repeat and dangerous sex offender, the agreement would "*not* authorize a corresponding increase in the guideline range." (Doc. 13 at 4.) However, Nash neglects to mention the previous sentence, which states that if "defendant's criminal history category is higher than reflected on the attached worksheets," "the higher guideline range becomes the agreed range." (*Id.*) Nash also contends that he "wasn't effectively assisted by counsel" because "[i]nstead of asking the courts to withdraw the plea since the whole frame of the Rule 11(c)(1)(c) was violated due to the change of sentencing guidelines[,]" "counsel stated [he wanted the court] to consider a term of imprisonment of 77 months." (Doc. 34 at 13.)

3

### C.    Analysis and Conclusions

#### 1.    Standards

In order to prevail on a motion brought under 28 U.S.C. § 2255, a petitioner must show a "fundamental defect which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A section 2255 motion is not a substitute for a direct appeal. When a petitioner raises a claim that he failed to raise at the appellate level, a court is generally precluded from reviewing the merits of such a claim unless a petitioner can show: (1) cause for his failure to raise the claim earlier in a direct appeal; and (2) actual prejudice stemming from the alleged violation or actual innocence. *Reed v. Farley*, 512 U.S. 339, 354-55, 114 S. Ct. 2291, 129 L. Ed. 2d 277 (1994); *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1981). A post-conviction motion under section 2255 is the proper vehicle for raising claims of ineffective assistance of counsel in the first instance. *United States v. Crowe*, 291 F.3d 884, 886 (6th Cir. 2002) (citing *United States v. Wunder,* 919 F.2d 34, 37 (6th Cir. 1990)).

Claims of ineffective assistance of counsel are governed by the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In *Strickland*, the Court enunciated a two-pronged test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Id.* at 688. "Constitutionally effective counsel must develop trial strategy in the true sense – not what bears a false label of 'strategy' – based on what investigation reveals witnesses will actually testify to, not based on what counsel guesses they might say in the absence of a full investigation." *Ramonez v. Berghuis*, 490

F.3d 482, 488 (6th Cir. 2007). Second, the movant must show that he was prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Strickland*, 466 U.S. at 688. It is not enough to show that the alleged error "had some conceivable affect on the outcome of the proceeding." *Id.* Rather, the movant must show that, but for counsel's errors, the result would have been favorably different. *Id*. at 693. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id*. at 700.

The Supreme Court has explained that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986). This language highlights the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process.

In *Lockhart v. Fretwell*, 506 U.S. 364, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993), the Court clarified the meaning of "prejudice" under the *Strickland* standard, explaining:

> Under our decisions, a criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." . . . Thus, an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.

*Lockhart*, 506 U.S. at 369 (citations omitted).

Ineffective assistance of counsel claims "may be brought in a collateral proceeding under § 2255 whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003).

**2.     Discussion**

In the motion, Nash contends that he "was sentenced to 90 months imprisonment when his plea agreement 11(c)(1)(c) was 57-71 months." (Doc. 34 at 4.) Nash cites the portion of the agreement that states that if it were later discovered that defendant were a career offender, an armed career criminal, or a repeat and dangerous sex offender, the agreement would "*not* authorize a corresponding increase in the guideline range." (Doc. 13 at 4.) However, Nash neglects to mention the previous sentence which states that if "defendant's criminal history category is higher than reflected on the attached worksheets," "the higher guideline range becomes the agreed range." (*Id.*)

Nash further contends that he "wasn't effectively assisted by counsel" because "[i]nstead of asking the courts to withdraw the plea since the whole frame of the Rule 11(c)(1)(c) was violated due to the change of sentencing guidelines[,]" "counsel stated [he wanted the court] to consider a term of imprisonment of 77 months." (Doc. 34 at 13.)

The Sixth Circuit dismissed Nash's appeal because it found the appellate waiver had been knowingly and voluntarily entered into; thus, it enforced the waiver. (Doc. 28 at 2-3.) Nash argued on appeal that the trial court had improperly exceeded the guideline range of 57 to 71 months as indicated in the plea agreement. The Sixth Circuit noted that the "agreement specifically provides that if Nash's criminal history category were found to be higher than as computed on the attached worksheets, the higher guideline range would become the agreed range. That is what occurred." (Doc. 28 at 1.)

Since the Sixth Circuit addressed the sentencing issue underlying Nash's current motion and claim of ineffective assistance, I suggest that his claims are procedurally barred. "[A] § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal

6

absent highly exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999). Nash has alleged no such exceptional circumstances justifying further review, and the record reveals none.

It could be argued that these grounds were not raised on direct appeal because the Sixth Circuit's ruling granted the government's motion to dismiss based on appellate waiver and because Nash now argues that counsel was ineffective for failing to challenge the sentence imposed. However, a movant "cannot use a § 2255 proceeding, in the guise of ineffective assistance of counsel, to relitigate issues decided adversely to him on direct appeal." *Clemons v. United States*, No. 3:01-CV-496, 3:97-CR-16, 2005 WL 2416995, at *2 (E.D. Tenn. Sept. 30, 2005) (citing *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996)). *Accord, Lossia v. United States*, No. 04-80422, 2010 WL 3951078, at *4 (E.D. Mich. July 1, 2010).[1]

Furthermore, even if the claims were not procedurally barred, I suggest the result would be the same. Nash now contends that his trial counsel was ineffective for failing to challenge his sentence based on Nash's misreading of the Rule 11 agreement which the Sixth Circuit discussed and concluded that "what occurred" was expressly allowed and provided for in the plea agreement. (Doc. 28 at 1.) Since the alleged claim is without merit, any failure on the part of counsel for not raising it could not have prejudiced Nash as required under *Strickland*. *See Lockhart*, 506 U.S. at 369. Accordingly, I suggest that Nash's section 2255 motion should be denied.

Finally, even if Nash could establish that counsel's performance fell below an objective standard, I suggest that he cannot show prejudice. In order to show prejudice in the context of a

---

[1] *See also Hestle v. United States*, 426 Fed. App'x 366, 367 (6th Cir. 2011) (distinguishing *Clemons* because it involved a sufficiency of evidence claim and holding that "Hestle's failure to persuade the court of his *Batson* claim on direct appeal did not foreclose a motion to vacate for ineffective assistance in a § 2255 motion, because a finding of ineffective assistance could be consistent with our holding on direct appeal.").

7

guilty plea, petitioner must show that "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed.2d 203 (1985). Here, Nash does not even allege that he would have decided to go to trial absent counsel's advice, he merely asserts that his sentence should have been different. I suggest that Nash is unable to show prejudice and thus, that his motion should be denied.

### 3. Conclusion

I therefore suggest that Nash has not alleged any claims that could support a finding that his trial counsel was ineffective, that he was prejudiced by any alleged ineffectiveness, or that the district court proceedings were fundamentally unfair or unreliable. As a result, I suggest that the § 2255 motion be denied in its entirety and this civil case be dismissed.

### D. Evidentiary Hearing

Section 2255 states that "[u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). The Sixth Circuit has "observed that a Section 2255 petitioner's burden for establishing an entitlement to an evidentiary hearing is relatively light." *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003) (citation omitted). "In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007). On the other hand, no hearing is required if the motion's allegations "cannot be accepted as true because they are contradicted by the record,

8

inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 7787, 782 (6th Cir. 1999) (citation omitted). In addition, "the words 'grant a prompt hearing' are not magic words requiring a district judge, who is fully familiar with the circumstances under which a guilty plea was made, to duplicate procedures and conduct a hearing to resolve alleged fact issues which can and should be decided on the record that already exists." *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993).

In the instant case, there is no material factual dispute that a hearing could address. Furthermore, since I suggest that Nash cannot show prejudice from any alleged failures in his trial counsel's performance, the motion is one where "the files and the records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). I therefore suggest that Nash is not entitled to a hearing on the allegations raised in his motion.

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d

590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Commissioner of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co.,* 454 F.3d at 596-97.

|  |  |
|---|---|
|  | s/ **Charles E Binder** |
|  | CHARLES E. BINDER |
| Dated: October 2, 2012 | United States Magistrate Judge |

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record via the Court's ECF System and served on the following non-ECF participant via the United States Postal Service: Wesley T. Nash #45338-039, FCI Ray Brook Inmate mail, P.O. Box 300, Ray Brook, NY 12977..

| | |
|---|---|
| Date: October 2, 2012 | By    s/Patricia T. Morris |
|  | Law Clerk to Magistrate Judge Binder |