UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      Case No. 10-cr-20679

v.                                             Honorable Thomas L. Ludington

WESLEY T. NASH,

        Defendant.

_____/

**ORDER DENYING REQUEST TO AMEND PRESENTENCE INVESTIGATION REPORT**

On December 24, 2015, Defendant Wesley Nash filed a letter on the docket wherein he claims the presentence investigation report ("PSR") prepared in his case contained an error. ECF No. 41. According to Nash, one of his state criminal prosecutions was dismissed *nolle prosequi* but the PSR reflects him receiving a sentence of one to two years' imprisonment. He seeks to have that error corrected. The effect of the correction would be to eliminate three of the criminal history points he received and, thus, alter his guideline range. Nash's request will be denied.

Once the district court has heard objections to the PSR and has imposed sentence, the district court's jurisdiction over the defendant is limited. *See United States v. Warner*, 23 F.3d 287, 290 (10th Cir. 1994). The Federal Rules of Criminal Procedure provide that, "within 14 days after receiving the presentence report, the parties must state in writing any objections, including objections to material information, sentencing guideline ranges, and policy statements contained in or omitted from the report." Fed. R. Crim. P. 32(f)(1). By not objecting to a PSR during sentencing, a defendant accepts all factual allegations contained in it and waives his right to challenge the reliability of facts contained in a PSR on a later attack. *United States v. Vonner*,

516 F.3d 382, 385 (6th Cir. 2008). A district court does not have jurisdiction to hear a defendant's post-sentence motions to correct his PSR. *See United States v. Engs*, 884 F.2d 894 (5th Cir. 1989). *See also United States v. McKinney*, 602 F. App'x 237, 240-41 (6th Cir. 2015).

Nash did not object to the allegedly erroneous information in his PSR at sentencing. *See* ECF No. 26. While he did challenge the scoring of some of his prior state convictions, he did not allege that the PSR was altogether incorrect concerning one of his prior state prosecutions or that the PSR contained any factual errors, let alone the one he now alleges. Because Nash "did not object at sentencing to the facts contained in his PSR, he will not now be heard to complain that the information is unreliable." *United States v. McKinney*, 464 F. App'x 444, 447 (6th Cir. 2012).

Accordingly, it is **ORDERED** that Defendant Wesley Nash's request to amend his presentence investigation report, ECF No. 41, is **DENIED**.


Dated: February 12, 2016                    s/Thomas L. Ludington
                                            THOMAS L. LUDINGTON
                                            United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 12, 2016.

                                            s/Michael A. Sian
                                            MICHAEL A. SIAN, Case Manager